Downing *v.* Kelly.

———————————◆———————————

## DOWNING *vs.* KELLY, Sheriff, &c.

A failing debtor has no right to interpose a legal title between his property and his debts, to compel his creditors to take notes, drawn on time, in payment of those debts.

Where a debtor sold his stock of goods to his son and a clerk, taking their notes, without security, for the consideration, payable respectively at different times, from three months to three years from date, with the view of placing his property in such a situation that his creditors could not take it under legal process; and to compel such creditors to take those notes in payment of his debts; *Held* that this was a legal hindering and delaying of creditors, which rendered the transfer in judgment of law void.

APPEAL by the defendant from a judgment entered on the verdict of a jury. The action was brought against the defendant, as sheriff, for the conversion of property. Prior to February 1, 1860, one Samuel Baldwin, who had long carried on the business of jewelry, &c. in the city of New

York, had owned the property in question. On that day he sold out the stock to his son, W. S. Baldwin, and his clerk, H. G. Batterson, who had been in his employ ; they forming a new copartnership under the firm of W. S. Baldwin & Co. taking possession of the stock, and giving their promissory notes for the purchase money, falling due in small sums at short intervals, extending over a period of three years, amounting in the aggregate to $20,000.

About the first of March, the defendant having an attachment against Samuel Baldwin, (who resided in Newark, and was a non-resident debtor,) in favor of one Schieb, came to the store of W. S. Baldwin & Co. and announced his intention to make a levy upon their stock of goods, as being the property of S. Baldwin, but the levy and asportation were not made for several days thereafter. Prior to this levy, and asportation, W. S. Baldwin & Co. being indebted to the plaintiff, executed on the 6th of March, 1861, a *chattel mortgage* to the plaintiff upon all their stock of goods, authorizing immediate possession in the mortgagee, &c. At the trial, which took place at the March circuit, 1865, before Hon. JOSEPH MULLIN, and a jury, the case wholly turned upon the question of bona fides in the sale from Samuel Baldwin to W. S. Baldwin & Co. which was substantially the only question litigated. W. S. Baldwin had died about two years before the trial.

The verdict was for the plaintiff, sustaining the good faith of the sale in question. Exceptions were taken by the defendant to several rulings of the court, and to certain refusals to charge, which formed the subject of consideration at general term, to which this case was sent in the first instance ; judgment being suspended, &c.

*Brown, Hall & Vanderpoel,* for the appellant.

*E. Pierrepont,* for the respondent.

Downing *v.* Kelly.

*By the Court*, GEO. G. BARNARD, J.   The defendant was entitled to have his sixth request charged substantially as requested.

An assignment of the property in question had been made by Samuel Baldwin to his son and clerk, and their notes taken for the consideration, without security, and upon credit, maturing between three months and three years.   Samuel Baldwin was pressed by his debts, at the time of the sale, and his son had little property, at the time of the purchase, and his clerk, the other joint purchaser, was unable to meet his engagements.   The goods consisted of a stock on hand in New York, and the son and clerk formed a new partnership, under the name of William S. Baldwin & Co. to continue the same business, with the old stock.   Some of the notes so taken by Samuel Baldwin were given by him to his creditors. Under these facts, as disclosed by the evidence, the defendant asked the court to charge that if Samuel Baldwin made the transfer to William S. Baldwin & Co. and took their notes, payable respectively at different times, from three months to three years from date, with the view of placing his property in such a situation as that his creditors could not take it under legal process, and to compel his creditors to take these notes in payment of his debts, then this transfer in judgment of law was void.   The court charged the proposition as requested, provided it was understood by the words, " with a view of placing his property in such situation as that his creditors could not take it under legal process," means to hinder and delay creditors.   Of course every conveyance and sale with intent to hinder, delay and defraud creditors is void as provided by the statute ; but here the request was that the judge should charge the jury that a finding by them of certain facts would make out a legal hindering and delaying of creditors.   Such facts could be found under the evidence.   If so found they did make the sale void, and the jury should have been so instructed.   A failing debtor has no right to interpose a legal title between his property

and his debts, to compel his creditors to take notes drawn on time in payment of those debts. I think the judgment should be reversed and a new trial granted, with costs to abide the event.

The conclusion arrived at on this point rendering a new trial necessary, I forbear to consider the question presented by the appeal upon the facts, or the other exceptions taken by the defendant.

[NEW YORK GENERAL TERM, June 3, 1867. *Leonard, Clerke* and *George G. Barnard*, Justices.]